(89 South. 746)

**BOYETTE v. PRESTON MOTORS CORPORATION et al. (6 Div. 271.)**

(Supreme Court of Alabama.     June 2, 1921. Rehearing Denied June 23, 1921.)

**1. Corporations ⬅52, 654—Corporation must dwell in state in which created; powers and limitations of charter same in other states in which corporation does business.**

A corporation must dwell in state in which created, and though it may do business wherever its charter permits, provided the right is not denied by the local law, the powers and limitations of its charter are the same in other states in which it does business as in the state of its creation.

**2. Corporations ⬅665(3)—State courts cannot interfere in foreign corporation's management of its internal affairs.**

State courts have no jurisdiction to interfere by injunction, mandamus, or otherwise in the management of the internal affairs of a foreign corporation, at the suit of a resident stockholder, even though the corporation may maintain an office and place of business in the state, and may expressly or impliedly agree to submit to the jurisdiction of the court in suits against it.

**3. Corporations ⬅665(3)—Court cannot compel foreign corporation to issue stock to stockholder of other foreign corporation on theory that there has been a merger in foreign state.**

The Circuit Court has no jurisdiction in a suit by a resident stockholder of a foreign corporation, required under the laws of the foreign state to keep its records in such state, to compel other foreign corporation, incorporated in same state, to issue stock in such other corporation to such stockholder, on theory that there has been a merger of the two foreign corporations, since the court cannot exercise visitorial powers and interfere in the internal affairs of the foreign corporations, notwithstanding Code 1907, § 3054.

**4. Corporations ⬅174—Stockholder, in assuming the relation, subjects himself to corporate laws of state in which corporation was created.**

A stockholder in assuming the relation subjects himself to the general corporate laws of the state in which the corporation was created as affecting the corporation's powers, obligations, and merger or consolidation with other corporations organized under the laws of such state, and is presumed to have contracted with reference to the laws of such state.

**5. Corporations ⬅665(3)—Situs of stock for purpose of transfer is in state where corporation is required to keep its registry of transfers, as shown by plea to the jurisdiction in suit to compel issue.**

The principal situs of stock for the purpose of its transfer on the books is in the state in which the corporation is incorporated, merged, or consolidated, and where it is required under the law to keep its records or registry of transfers, as shown by a plea to the jurisdiction in a suit to compel issue of stock in a foreign corporation to a complainant.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by I. E. Boyette against the Preston Motors Corporation, and certain individuals composing the officers and directors, to require the issuance by them to complainant of stock in said corporation or to pay an amount of money equal to the par value of the same. From a decree dismissing the bill, complainant appeals. Affirmed.

Thomas J. Judge, of Birmingham, for appellant.

The relief sought does not involve the exercise of visitorial powers over the internal affairs of a foreign corporation. 77 Vt. 420, 60 Atl. 971; 59 Minn. 332, 61 N. W. 324, 50 Am. St. Rep. 407. The courts of this state will assume jurisdiction in cases involving

the internal affairs of a foreign corporation where complete relief can be granted and the decree enforced in this state. 5 Thompson on Corporations, 1542; 106 La. 621, 31 South. 172, 87 Am. St. Rep. 309; 245 Ill. 14, 91 N. E. 683, 137 Am. St. Rep. 284, 19 Ann. Cas. 74; 245 Ill. 231, 91 N. E. 1048, 33 L. R. A. (N. S.) 895, 137 Am. St. Rep. 308; 179 N. Y. 294, 72 N. E. 116; 181 Mass. 580, 64 N. E. 400; 59 Minn. 332, 61 N. W. 324, 50 Am. St. Rep. 407; 153 Ill. 633, 39 N. E. 1091, 27 L. R. A. 324, 46 Am. St. Rep. 917; 180 Mich. 168, 146 N. W. 665, L. R. A. 1916A, 42, Ann. Cas. 1916A, 386; 19 Cyc. 1345.

Roscoe Chamblee and Weatherly, Birch, & Hickman, all of Birmingham, for appellees.

The court properly sustained exceptions to the pleas and dismissed the bill, as the bill sought to exercise visitorial powers over the internal affairs of a corporation domiciled in another state, and this applies, notwithstanding such foreign corporations may have a large amount of property within the state. 50 Ala. 332; 20 Atl. 1039; 124 Md. 548, 92 Atl. 1047; 181 Pa. 617, 37 Atl. 817, 38 L. R. A. 638; 212 Pa. 249, 61 Atl. 796, 108 Am. St. Rep. 867; 233 Pa. 232, 82 Atl. 93; 33 S. E. 385; 89 Md. 99, 42 Atl. 944, 44 L. R. A. 149, 73 Am. St. Rep. 169; 195 Mass. 242, 81 N. E. 306; 63 N. E. 909; 157 Mass. 7, 31 N. E. 697, 34 Am. St. Rep. 250; 245 Ill. 14, 91 N. E. 683, 137 Am. St. Rep. 284, 19 Ann. Cas. 74; 118 Minn. 390, 137 N. W. 15, Ann. Cas. 1913E, 455; 245 Mo. 78, 149 S. W. 479; 76 N. J. Eq. 592, 75 Atl. 568, 27 L. R. A. (N. S.) 658; 125 N. C. 49, 34 S. E. 199, 45 L. R. A. 853; 104 N. C. 534, 10 S. E. 679; 145 Iowa, 1, 123 N. W. 743, 25 L. R. A. (N. S.) 384; 85 Wash. 448, 148 Pac. 579; 245 Ill. 231, 91 N. E. 1048, 33 L. R. A. (N. S.) 895, 137 Am. St. Rep. 308; 119 Ark. 12, 173 S. W. 398, Ann. Cas. 1917B, 634; 229 Mo. 187, 129 S. W. 709; 134 Ill. App. 379; 4 Allen (Mass.) 336; 103 Ala. 371, 15 South. 941, 25 L. R. A. 543; 108 U. S. 527, 2 Sup. Ct. 832, 27 L. Ed. 812.

THOMAS, J. The bill, by a shareholder of the Preston Motor Car Company, was against the Preston Motors Corporation and certain individuals averred to be the officers and several of the directors of defendant corporation, to compel the issuance of stock to complainant in the latter corporation to the amount indicated, or an amount equal to the par value of stock held by plaintiff in the first named company.

It is averred that the Preston "Motor Car Company" was organized (does not state where incorporated) for the purpose of manufacturing and selling automobiles; that plans and specifications of cars called "Preston" and "Preston Four" were obtained by "much work, labor, and expense" incurred by said corporation, and that the designs, names of the cars, and the good will of the company, and prestige acquired as the result of advertisement of said Preston cars, were the "only unincumbered assets of any practical value which were owned by the Motor Car Company." The respective corporations will be hereafter referred to as the Motor Car Company and the Motors Corporation.

Following the averment that the Motor Car Company was organized for the purpose we have indicated, that its only unincumbered assets of practical value were such designs averred to be of great value, it is averred that prior to the organization of the Motors Corporation, organized under the laws of the state of Delaware, the officers and directors of the Motor Car Company "informed the stockholders" and "led them to believe" that stock would be issued to them in the Motors Corporation; that the assets of the Motor Car Company "were fraudulently transferred" to the Motors Corporation "without any consideration," and that the Motor Car Company has ceased to carry out the objects and purposes of its incorporation; that the personnel of the organization which established the Motor Car Company and abandoned the same, at the time of the filing of the bill, devoted time, attention, and energies to the promotion of the Motors Corporation, and has "fraudulently transferred" to the latter corporation the above-named assets, together with the good will, plans, tradename and whatever prestige the Motor Car Company had acquired, together with access to its books and business affairs, in violation of the rights of the stockholders of the Motor Car Company, which "illegal acts are tantamount in effect to a merger" of the two corporations. It is further averred that after the organization of the Motors Corporation its directors adopted a resolution to the effect that its capital stock should be issued to the stockholders of the Motor Car Company in exact proportion to the amount of the capital stock held by such stockholders in the former corporation; that pursuant to this resolution stock has been issued in the Motors Corporation to a number of stockholders of the Motor Car Company upon surrender of their stock in said company, and, in lieu thereof, acceptance of stock in the Motors Corporation.

The bill contains the averment that the officers of the Motors Corporation are residents of Alabama; that said corporation owns no property in the state of Delaware; that its plant, and practically all its assets, are in Alabama; that meetings of the board of directors are held in Alabama; that its stock books, minute books and records are kept in this state, where stock is signed and issued by its officers.

The outstanding features of the foregoing

bill may be thus summarized: (a) That the individual officers and directors of the old corporation who are named in the bill used the good will and the name of the cars of the old corporation for the benefit of the new corporation, paying nothing therefor; (b) that these individuals promised the stockholders of the old corporation that they would issue stock in the new corporation for the stock in the old corporation of equal par value, share for share; (c) that it is not averred that this promise was based upon any consideration; (d) that the capitalization or relative value of stock in said corporations is not averred; nor (e) is it averred how much of the stock of the Motors Corporation is owned or held by subscribers or purchasers for value who had no knowledge or notice of the interest (under the facts declared in the bill) of the Motor Car Company therein, or that there was available $18,000 of unissued stock of the Motors Corporation.

The relief sought is against the Motors Corporation (a Delaware corporation), that it be ordered to issue to the complainant an amount of stock of like number and value as that held by him in the Motor Car Company; failing in this, that the officers and directors of the Motor Car Company be required to pay complainant an amount equal to the par value of the stock held by him in said Motor Car Company, and that "a decree be made and entered for this amount against said parties."

Assuming, without deciding, that the bill is not multifarious, for the purpose of the plea to the jurisdiction, the relief sought will be treated as against the Motors Corporation and that it, through its officers, be required to issue stock in specific performance of the alleged undertaking (without having averred that such unissued stock was available); or, in lieu thereof, that its directors and officers pay the money value of complainant's stock in the Motor Car Company out of the funds of the Motors Corporation.

If such bill contains equity, it must rest upon the alleged merger of the old with or in the new corporation, or some privity between the new corporation and the stockholders of the old corporation, including complainant. No such privity is disclosed. Do the facts and conclusion contained in the bill show a merger of the two corporations?

The two amended pleas to the jurisdiction of the court (to the bill as amended) aver that the cause of action or controversy involves "the question of an alleged merger of the two corporations," and that the Alabama courts are without jurisdiction, and that no further cognizance of the cause be taken, and that it be dismissed with its reasonable costs sustained. Exceptions were filed to the pleas (separately), which were overruled. Plaintiff declined to plead further, the court dismissed the bill, and for such action of the court error is assigned.

The question presented is whether "visitorial power of an Alabama court over the respondent, a Delaware corporation," may be judicially exercised in awarding the relief prayed. The pleas are essentially alike, except that plea 1 is to the jurisdiction of the court over the subject-matter of the cause set forth in the bill, because the Motors Corporation, named as a respondent, is a foreign corporation, and pleads compliance with the Delaware laws, and that—

"The cause of action or controversy evidenced in and by the bill of complaint is one involving the alleged rights of stockholders, as such, of one of said corporations against another of said corporations, and involves questions relating to the internal management of the affairs of one or both of said foreign corporations and the exercise by this court of visitorial powers over said Preston Motors Corporation, and involves particularly the question of the alleged right of complainant, as a stockholder of Preston Motor Car Company, to be admitted as a member or stockholder of Preston Motors Corporation, and to have its stock issued to him, or to be compensated for some alleged damage or injury to him, as a stockholder of said Preston Motor Car Company, against the officers and directors thereof, constituting matters over which the government, or the court, of the state of Delaware have sole and exclusive jurisdiction."

Plea 2 is to the jurisdiction of the court "over the subject-matter of the cause or causes set forth, or attempted to be set forth, in said bill of complaint in the first aspect," so far as said bill is applicable to and seeks relief against the Motors Corporation, because said corporation is a foreign corporation.

The last plea presents the simple question of jurisdiction of the Alabama court to entertain the cause of action as to the Motors Corporation; and this aspect of the case will be now considered. Though the bill avers that the Motors Corporation was organized under the laws of Delaware, it is not averred that it maintains a principal office and place of business in Wilmington, Delaware; and though it does aver that the Motor Car Company was organized for the purpose indicated, it does not aver that it was incorporated under the laws of the state of Delaware. Hence, the sufficiency of the bill was not questioned by demurrer, such matter being set up by the special pleas to the sufficiency of which exception was taken.

[1] It is established that a corporation must dwell at the place of its creation (Bank of Augusta v. Earle, 13 Pet. 588, 10 L. Ed. 274; La Fayette Ins. Co. v. French, 59 U. S. [18 How.] 404, 408, 15 L. Ed. 451; Sioux Remedy Co. v. Cope, 235 U. S. 197, 35 Sup. Ct. 57, 59 L. Ed. 193), though it may do business wher-

ever its charter permits, provided that right is not denied by local law. R. R. Co. v. Koontz, 104 U. S. 5, 12, 26 L. Ed. 643; W. U. Tel. Co. v. Kansas, 216 U. S. 1, 30 Sup. Ct. 190, 54 L. Ed. 355, 369; Sec. Mut. L. Ins. Co. v. Prewitt, 202 U. S. 246, 26 Sup. Ct. 619, 50 L. Ed. 1013, 6 Ann. Cas. 317; Interstate Amusement Co. v. Albert, 239 U. S. 560, 36 Sup. Ct. 168, 60 L. Ed. 439. However, the corporation carries its charter—as the law of its existence—wherever it may and does go for business. Relfe v. Rundle, 103 U. S. 222, 226, 26 L. Ed. 337; Ex parte Shaw, 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768, 772; St. L. V. & T. H. R. R. Co. v. T. H. & Ind. R. R. Co., 145 U. S. 393, 12 Sup. Ct. 953, 36 L. Ed. 748; Nashua Sav. Bank v. Anglo-Amer., etc., Co., 189 U. S. 221, 23 Sup. Ct. 517, 47 L. Ed. 782; Converse v. Hamilton, 224 U. S. 243, 32 Sup. Ct. 415, 56 L. Ed. 749, Ann. Cas. 1913D, 1292. That is to say, the powers and limitations of its charter are the same abroad as at home. Beard v. U. & A. Pub. Co., 71 Ala. 60, 62; Christian v. Amer. F. L. Mortg. Co., 89 Ala. 198, 7 South. 427; Sullivan v. Sullivan Timber Co., 103 Ala. 371, 379, 15 South. 941, 25 L. R. A. 543; State v. Anniston Roll. Mills, 125 Ala. 121, 27 South. 921; Holman v. Durham Buggy Co., 200 Ala. 556, 76 South. 914; Ashurst v. Arnold-Heneger-Doyle Co., 201 Ala. 480, 78 South. 386; L. & N. R. R. Co. v. Dawson, 14 Ala. App. 272, 68 South. 674; 2 Beach on Priv. Corp. §§ 416, 890; Canada Sou. R. R. Co. v. Gebhard, 109 U. S. 527, 3 Sup. Ct. 363, 27 L. Ed. 1020; Ex parte Shaw, supra; Nashua Sav. Bank v. Anglo-Amer., etc., Co., supra.

Mr. Thompson (Corporations [2d. Ed] §§ 5986, 6035, et seq.) collects authorities to the effect that reorganization, consolidation and merger of corporations have no other source of authority than by statute; and whether or not there was reorganization, consolidation, or merger of one or more corporations incorporated under the laws of a particular state, depends upon authority of law of that state. Meyer v. Johnston & Stewart, 64 Ala. 603, 656, 657, 662; State v. A. C. L. Ry. Co., 202 Ala. 558, 81 South. 60; Ala. T. & N. Ry. v. Tolman, 200 Ala. 449, 76 South. 381; Sou. Steel Co. v. Hopkins, 157 Ala. 175, 47 South. 274, 20 L. R. A. (N. S.) 848, 131 Am. St. Rep. 20, 16 Ann. Cas. 690.

In Smith v. Mutual Life Insurance Co., 14 Allen (Mass.) 336, 341, the rule is stated that state courts, other than in the state in which a corporation is created, have no jurisdiction to exercise authority over the organization, the corporate functions, the by-laws, the relations between the corporation and its members, nor to determine the rights and obligations of the corporation or its members arising under the law of its creation, such questions or matters depending on local law. 7 R. C. L. p. 1065, § 103; Id. p. 415, § 403.

[2] The many authorities bearing upon the question are to the effect that courts of one state have no jurisdiction to exercise visitorial or supervisory powers over the management of the internal affairs of a corporation organized and domiciled under the laws of another state, such powers belonging to the state in which the corporation was created, and by which it is continued in life. As a corollary of such rule, state courts have no jurisdiction to interfere by injunction, mandamus, or otherwise in the management of the internal affairs of a foreign corporation at the suit of a resident stockholder, even though the corporation may maintain an office and place of business in the state, and may, expressly or impliedly, agree to submit to the jurisdiction of the court in suits against it. N. Y. Life Ins. Co. v. Pike, 51 Colo. 238, 117 Pac. 899; Imp. & Exp. Co., of Ga. v. Locke, 50 Ala. 332, 335.

[3] The provisions of section 3054 of the Code of 1907, as construed in Iron Age Pub. Co. v. W. U. Tel. Co., 83 Ala. 498, 3 South. 449, 3 Am. St. Rep. 758, Rucker v. Morgan, 122 Ala. 308, 318, 25 South. 242, Tigrett v. Taylor, 180 Ala. 296, 60 South. 858, Montg. Enterprises v. Empire Theater, 204 Ala. 566, 86 South. 880, and Alcazar Am. Co. v. Mudd & Colley Am. Co., 204 Ala. 509, 86 South. 209, are not to a contrary effect. The statute merely provides jurisdiction in courts of chancery when the defendants reside in this state, and against nonresidents in the classes of cases indicated, to wit:

"When the object of the suit concerns an estate of, lien, or charge upon, lands [in this state], or the disposition thereof, or any interest in, title to, or incumbrance on personal property within this state, or where the cause of action arose, or the act on which the suit is founded was to have been performed, in this state."

See Montg. Enterprises v. Empire Theater, supra.

The relief sought is for the issue of $18,000 of stock of the Motors Corporation at its home office in Delaware, which cannot be done if such stock was not authorized by the law of its incorporation and available for such issue—this latter possibility involving the question of whether or not the whole amount of the capital stock of the corporation had been issued and sold to other parties. The alternative relief prayed for is—failing in the issue of said stock—that a money judgment be rendered against that corporation, which latter liability would be dependent upon whether or not there was a legal merger of the two Delaware corporations. Preliminary to the inquiry of such liability is that whether the Motor Car Company had been merged with the Motors Corporation—a question which the Alabama courts may not decide without exercising

visitorial powers; and this the courts have uniformly declined to do. Any other rule would produce inextricable confusion and breach of comity that should exist between states.

The bill of complaint shows clearly that the only injury, if any, the complainant Boyette may have sustained by reason of the alleged wrong of the officers and directors of the Motor Car Company was a common injury, which he and all the other stockholders of the old company sustained; and his claim is differentiated in no respect from the rights of the other stockholders, except as to the number of shares owned by each stockholder. Therefore, it necessarily follows that a decision in this case as to the liability vel non of the Motors Corporation, or its officers, or the other respondents, will establish a precedent for the other claims, and, hence, the court must say what principle and what circumstances, under the laws of Delaware, regulate the creation, merger, etc., of corporations in such state, and regulate the relation of stockholders in such corporations to each other and to the corporations. This claim cannot be established and finally adjudicated by the Alabama courts, and have due regard to the sovereignty of the State of Delaware over all corporations created by it.

The question is stated in Guilford v. Western Union, 59 Minn. 332, 61 N. W. 324, 50 Am. St. Rep. 407:

"The doctrine is well settled that courts will not exercise visitorial powers over foreign corporations, or interfere with the management of their internal affairs. Such matters must be settled by the courts of the state creating the corporation. This rule rests upon a broader and deeper foundation than the mere want of jurisdiction in the ordinary sense of that word. It involves the extent of the authority of the state (from which its courts derive all their powers) over foreign corporations. The only difficulty is in drawing the line of demarcation between matters which do and those which do not pertain to the management of the internal affairs of a corporation. To entertain an action to dissolve a corporation, to determine the validity of its organization; to determine which of two rival organizations is the legal one, or who of rival claimants are its legal officers; to restrain it from declaring a dividend, or to compel it to make one; to restrain it from issuing its bonds, or from making an additional issue of stock—would clearly all be the exercise of visitorial powers over the corporation, or an interference with the management of its internal affairs. * * * But in the present case there is no question as to the issue, validity, or forfeiture of the stock. There is not even any controversy as to the right of the plaintiff to a certificate as evidence of his title. The only dispute is over the terms or conditions upon which that certificate shall be issued. We do not see how the granting of such relief is, in any proper sense, the exercise of visitorial powers or an interference

with the management of the internal affairs of the defendant."

See, also, Taylor v. Mutual Reserve F. L. Ass'n, 97 Va. 60, 33 S. E. 385, 45 L. R. A. 621.

In this jurisdiction, in Importing & Exporting Company of Georgia v. Locke, supra, it was sought to have an Alabama court declare the charter of a Georgia corporation forfeited; and, on authority of Society, etc., v. New Haven, 8 Wheat. 464, 5 L. Ed. 662, it was said:

"The courts of Alabama have not jurisdiction to adjudge a forfeiture of a Georgia corporation."

See 8 Am. St. Rep. 199, note; Edwards v. Schillinger, 245 Ill. 231, 91 N. E. 1048, 33 L. R. A. (N. S.) 895, 137 Am. St. Rep. 308; Hogue v. Am. Steel Foundries, 247 Pa. 12, 92 Atl. 1073; N. S. Copper & Gold Min. Co. v. Field, 64 Md. 151, 20 Atl. 1039; Dickey v. S. W. Sec. Ins. Co., 119 Ark. 12, 172 S. W. 398, Ann. Cas. 1917B, 634; Babcock v. Farwell, 245 Ill. 14, 91 N. E. 683, 137 Am. St. Rep. 284, 307, note, 19 Ann. Cas. 74; Madden v. Elec. L. Co., 181 Pa. 617, 621, 622, 37 Atl. 817, 38 L. R. A. 638; Wilkins v. Thorne, 60 Md. 253; Stafford v. Mills Co., 13 R. I. 310.

[4] After all that may be said of comity between states by public policy, it is sufficient that when complainant became a stockholder in the Motor Car Company, a corporation organized and operating under the laws of Delaware, he subjected himself—in assuming the relation of stockholder—to the general corporate laws of that state as affecting that corporation's powers, obligations, and merger or consolidation with other corporations organized under the laws of that state; and he is presumed, or is held, to have contracted with reference to the laws of Delaware, and not of Alabama. Canada Sou. R. R. Co. v. Gebhard, supra, and other like cases we have cited above. See, also, Wright v. Hix, 203 Ala. 425, 83 South. 341.

[5] The instant bill does not present a case of well-recognized exception to the general rule. 5 Thompson on Corp. (2d. Ed.) §§ 6743, 6744; Travis v. Knox Co., 215 N. Y. 259, 109 N. E. 250, L. R. A. 1916A, p. 529, Ann. Cas. 1917A, 387; 19 Cyc. 1345, 1348; Westminster National Bank v. New England Electrical Works, 73 N. H. 465, 62 Atl. 971, 3 L. R. A. (N. S.) 551, 137 Am. St. Rep. 307, note; Lockwood v. U. S. Steel Corporation, 209 N. Y. 375, 103 N. E. 697, L. R. A. 1915C, p. 471; Guilford v. Western Union, supra. The legal obligation of a corporation to keep its records or registry of stock transfers, etc., according to the laws of the state of its creation (which laws are pleaded), imposes the obligation to keep the books at the place its charter designates. Under the averments of the plea, the principal situs of the stock, for the purpose of its transfer upon the books,

is in the state in which the incorporation, merger, or consolidation took place or was effected. 10 Cyc. 593.

The judgment of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.