2 So.2d 760

## JACKSON SECURITIES & INV. CO. v. STATE.

### 6 Div. 825.

Supreme Court of Alabama.

May 29, 1941.

Mead & Moebes, J. J. Scarborough, Jr., Hartwell A. Greene, and Andrew H. Knight, all of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Asst. Attys. Gen., for appellee.

290

Frontis H. Moore, of Birmingham, amicus curiae.

FOSTER, Justice.

Appellant is a foreign corporation organized under the laws of Delaware.

On June 28, 1940, the State Department of Revenue made an assessment of the franchise tax against it. On July 13, 1940, appellant undertook to appeal to the Circuit Court of Jefferson County, in equity. That court sustained a motion to dismiss the appeal, and dismissed it on the gound that being a foreign corporation, under the laws pertaining to appeals under such circumstances, it should have been to the Circuit Court of Montgomery County, in equity. Appellant seeks to review that judgment by this appeal, or in the alternative it seeks a mandamus to set it aside.

On that question, section 103, General Acts of 1935, page 307, re-enacted in that respect in 1936, Extra Session, page 172, Code 1940, Tit. 51, § 140, is as follows: "If any taxpayer against whom an assessment is made by the State ' Tax Commission under any assessment required by law to be made by the State Tax Commission, is dissatisfied with the final assessment as fixed by the State Tax Commission, he may appeal from said final assessment to the Circuit Court of Montgomery County sitting in equity, or, in cases other than public utilities, to the Circuit 'Court of the County in which the taxpayer resides if the taxpayer has within the State a permanent residence."

Section 334, General Acts of 1935, page 394, is as follows: "Either the State or foreign corporation may appeal from the final assessment made by the State Tax Commission to the Circuit Court of Montgomery County, sitting in Equity, in the manner provided by this Act for appeals made from assessments of the State Tax Commission."

A material inquiry is whether appellant had or could have a permanent residence in Alabama, since it is a foreign corporation. A solution of that question will be a material aid in construing the two sections of the Revenue Act copied above, likewise a history of legislative enactments on the subject of appeals from assessments made by the State Tax Commission (now State Department of Revenue) will give light on the subject.

The Revenue Act of 1923 (section 20, General Acts 1923, pages 152–168) and of 1927 (section 66, General Acts 1927, pages 139–181) made provision for appeal by a foreign corporation, similar to section 334, supra. The Revenue Act of 1927, supra, page 185, section 73, contains the first legislative provision for appeals available to the taxpayers generally from such assessments. The appeal was to be to the Circuit Court of Montgomery, in equity. So that section 334, supra, goes back in history to the Act of 1923. The same provision has extended through the intervening period, and as is set out in that section of the Act of 1935 now in effect. Section 103 of the same Act as section 334 made for the first time special provision for taxpayers residing in a county other than Montgomery, and having a permanent residence in Alabama. We will first inquire whether or not this taxpayer, .a foreign

corporation, has or, in fact, can have a permanent residence in Alabama, as contemplated in section 103, supra. The facts material to that inquiry, as agreed upon, are that:

"4. Appellant established an office and place of business in the city of Birmingham, Jefferson County, Alabama, in the year 1925, and has maintained a place of business in said city in said county for each year thereafter including the year 1940. Appellant has no other office or place of business in Alabama, except said place of business in said city.

. "5. All officers, agents and employees of appellant reside in said Jefferson County, Alabama, except the agent in the state of Delaware as set out in said certificate of incorporation, which said agent performs all its functions for appellant under instructions from appellant's board of directors and officers from Birmingham, Alabama. The meetings of the board of directors of appellant are held at said place of business in said city of Birmingham.

"6. Appellant's office in said city of Birmingham is its only office except the office in the state of Delaware set out in said certificate of incorporation."

In qualifying to do business in Alabama as a foreign corporation, appellant, in 1925, designated the city of Birmingham, Jefferson County, Alabama, as its known place of business, with an authorized agent named to be there and on whom service of process and all legal notices may be had, and for all the purposes contemplated by the laws of Alabama. There has been no change in that respect noted. So that if a foreign corporation can have a permanent residence in Alabama within the contemplation of section 103 of the Acts of 1935, and 1936, supra, this appellant may be so classified.

Let us assume for the present that the legislature meant to have section 103, supra, apply to a foreign corporation, not a public utility, if it has a permanent residence in Alabama, and in some county other than Montgomery, though section 334 of the same Act makes specific provision for foreign corporations without exception. So we reach the question of whether a foreign corporation can have such permanent residence in Alabama, contemplated by section 103, supra. If it cannot, the inquiry need proceed no further.

When the legislature there used the term "permanent residence" in Alabama, we must assume that it intended to apply to such situation as that term in ordinary legal parlance describes. The legal residence of a foreign corporation has been most usually defined by the federal courts, since usually it is connected with a federal question. Our statute using a term defined by the federal courts should ordinarily be considered as having the meaning thus given by those courts, if consistent with our conception of its true meaning.

We will first refer to the leading case of Southern Pac. Co. v. Denton, 146 U.S. 202, 13 S.Ct. 44, 36 L.Ed. 942, decided in 1892. A statute of Texas had provided that such corporation qualifying to do business in Texas must stipulate that if it removes a cause from a state court to a federal court, on the ground of nonresidence, its permit shall be void. That was a feature of that act prescribing conditions on which it could do business in Texas. The court held that the foreign corporation remained a resident of another state and as such had the right given by federal authority to make such removal; that the act with such a provision was void, and that residence of the foreign corporation qualifying in Texas under a void statute was not in Texas, and the foreign corporation could not be sued in a federal court in Texas by a nonresident, when jurisdiction was based on diversity of citizenship, since the laws of Congress then, and now, provided that when such is the basis of jurisdiction, the action must be either in the district of the residence of the plaintiff or defendant. See United States Judicial Code, section 51, 28 U.S. C.A. § 112. The same principle was given effect in Terral v. Burke Const. Co., 257 U.S. 529, 42 S.Ct. 188, 66 L.Ed. 352, 21 A. L.R. 186.

In Neirbo Co. v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, decided in 1939, the court held that when a foreign corporation filed its consent to be sued in a state as a feature of its qualification under a valid act, it thereby agreed that its residence was so far in that state as to be subject to suit in a federal court there. This ruling was not made upon the basis of the existence of a residence in that state by the foreign corporation. The holding was distinctly placed upon the theory that qualification stipulations under a valid act

of the state subjected the foreign corporation to the valid process of any court held in that state, including a federal court; whereas in Denton's case, supra, the qualification did not have such effect, since it was pursuant to an act which was void because it deprived the foreign corporation of the benefits of a federal grant, viz. to remove a cause to the federal court on account of it being a nonresident of the state. But in no respect was it held to be a resident of the state in which it qualified. It was predicated alone on the basis of an agreement to be subject to federal process in that state, effective though the federal act may have application only to residents of that state. It was an agreed residence for that purpose. The dissenting opinion makes specific this meaning of the majority opinion. Those cases are not therefore authority to the proposition that a foreign corporation acquires a residence in fact in a state in which it qualifies to do business. See, also, International Milling Co. v. Columbia Trans. Co., 292 U.S. 511, 54 S.Ct. 797, 78 L.Ed. 1396.

But there is another line of federal cases relating to the taxation of the intangibles of a corporation. They are only subject to taxation in the state of the residence of their owner, since by a fiction they follow the owner wheresoever he shall reside. These cases hold that a foreign corporation may acquire a business situs in a state other than that of its incorporation. This is said to be a fiction also worked out by the court decisions to justify a state in taxing the intangibles of a foreign corporation which were created in a business there conducted and have become an integral part of such local business. For that purpose, the courts have said that the foreign corporation has a "business situs" or a "commercial domicile" in the state where it is doing business in which the intangibles were created and exist. First Bank Stock Corporation v. State of Minnesota, 301 U.S. 234, 57 S.Ct. 677, 81 L.Ed. 1061, 113 A.L.R. 228; Wheeling Steel Corporation v. Fox, 298 U.S. 193, 56 S.Ct. 773, 80 L.Ed. 1143; State v. Southern Natural Gas Corporation, 233 Ala. 81, 170 So. 178; see note 104 A.L.R. 806 et seq.; 23 Am. Jur. 47, § 36.

■ The general rule is recognized everywhere that a corporation is a citizen, resident or inhabitant of the state under whose laws it was created, and nonresident of every other state, though it does business in such other state by its permission under its laws so providing. Boyette v. Preston Motors Corporation, 206 Ala. 240, 89 So. 746, 18 A.L.R. 1376; 20 Corpus Juris Secundum, Corporations, p. 17, § 1794; 23 Amer.Jur. 46, § 35; 13 Amer.Jur. 280, § 147; Seaboard Rice Milling Co. v. Chicago, R. I. & P. R. Co., 270 U.S. 363, 46 S.Ct. 247, 70 L.Ed. 633.

■ But there is much authority that for the purpose of fixing venue and to relate foreign corporations to local conditions and to make legislation applicable to all litigants alike, it may in a real and practical sense be a resident of the forum in which its principal offices are located and its business is done, and where it exercises its corporate franchises. International Milling Co. v. Columbia Transp. Co., 292 U.S. 511, 54 S.Ct. 797, 78 L.Ed. 1396; 23 Amer.Jur. 49, § 37. As to the county residence of domestic corporations, see Alabama Clay Products Co. v. City of Birmingham, 226 Ala. 631, 148 So. 328; Ex parte Fairfield-American Nat. Bank, 223 Ala. 252, 135 So. 447. Whether a foreign corporation can be deemed to have acquired a residence in the local jurisdiction, other than that of its incorporation, depends upon the connection in which the question arises. 23 Amer.Jur. 46, § 34, note 15; 13 Amer.Jur. 281, § 148; 20 Corpus Juris Secundum, Corporations, § 1794, p. 18, note 78; 14-A Corpus Juris 1226, note 12.

And it has been held that a corporation organized under the laws of a foreign state for the purpose of doing business in the domestic state, where its property is situated and all its business is transacted, is a resident for many purposes of the domestic state. 20 Corpus Juris Secundum, Corporations, § 1794, p. 18, note 79; 14-A Corpus Juris 1227, note 15.

This appellant is in that status and could be classed as a resident of Alabama for any purpose which does not abridge a federal grant to it as a foreign corporation. We doubt not that there is an extent of permanency in its status also as to be sufficient to meet that aspect of its residence.

But the question still is whether section 103, supra, meant to do away entirely with section 334 of the same Act fixing the venue of appeals by a foreign corporation from a franchise tax assessment made by the State Department of Revenue. Since 1923, as we have shown, the legislature has

had in effect this provision for appeals from such assessments without change, relating solely to franchise tax assessments to foreign corporations, since it was so in the Act of 1927, supra, section 66. That Act also in section 73 provided for appeals from an assessment on property by the State Tax Commission in favor of any owner of such property. Both appeals were to be to the Montgomery Circuit Court, in equity. Then comes the Act of 1935, section 103 providing for appeals by any taxpayer from any assessment made by the State Tax Commission, when required to be so made by law. It is in that feature of the Act which creates the State Tax Commission, and prescribes its powers and procedure. The right of appeal is to any taxpayer, and for the first time makes provision for appeal to a court other than the Circuit Court of Montgomery. This special right is available to all taxpayers, except the State and public utilities, if they have a permanent residence in this State. It is said that as this Act passed the House, it was provided that appeals by a foreign corporation shall be to the Circuit Court of Montgomery, and that this was changed on its passage so as to read as it now appears.

It is argued that this shows a legislative purpose not to confine all appeals by foreign corporations from assessments made by the State Tax Commission to the Circuit Court of Montgomery County. That theory may be justified, and yet the same Act contains section 334, which provides that in franchise tax assessments appeals taken by foreign corporations shall be to the Circuit Court of Montgomery County.

■■ Undoubtedly sections 103 and 334 are to be taken together since they are in pari materia, and mean that all appeals by foreign corporations from franchise tax assessments shall be to the Circuit Court of Montgomery, but that appeals by them from other assessments required to be made by the State Tax Commission may be taken at their option either to that court or to the circuit court of the county of their residence, if they have a permanent residence in Alabama. That interpretation gives force and effect to both features of the Act. We should give section 334 some operation. It is still in the Act, and cannot be disregarded. We should hold that the two features of the Act were intended to have a field of operation if we can reasonably do so.

If we concur in the view that this appeal may be taken to the Jefferson Circuit Court, we substitute section 103 for 334, while we leave the latter in the Act. It is perfectly clear from the history of section 103 that the legislature did not intend to take foreign corporations altogether out of its operation, but that they did intend to do so in respect to franchise tax assessments, because special provision was so made.

■ We have reached the conclusion that section 334, supra, and not section 103, supra, has controlling effect in fixing the venue of an appeal by a foreign corporation from an assessment, such as was made in this instance against appellant.

■ This appeal was taken to this Court from a judgment of the circuit court, in equity, whereby the motion of the State to dismiss the appeal to that court was granted and the appeal was dismissed. A dismissal of the appeal was a final decree of that court, for it finally disposed of the cause, leaving nothing further to be done in it. An appeal is the appropriate method of reviewing that sort of decree. There is no occasion to consider the petition in the alternative for a mandamus. The decree of the trial court was correctly based.

Affirmed.

GARDNER, C. J., and THOMAS, BROWN, and LIVINGSTON, JJ., concur.

BOULDIN, J., concurs in the conclusion for the reasons which he separately states.

BOULDIN, Justice (limited concurrence).

I concur in the result, but cannot concur in the view that a foreign corporation may acquire a "permanent residence" in Alabama within the meaning of section 103 of the Revenue Act of 1935. I have no quarrel with the authorities reviewed to the effect that for certain tax purposes a foreign corporation may acquire a local situs or domicile.

In my opinion section 345, Tit. 51, of the Code of 1940, requiring an annual permit to engage in business in Alabama negatives the acquiring a permanent residence in Alabama.