(91 South. 475)

## CITIZENS' NAT. LIFE INS. CO. v. DUFF.
### (7 Div. 213.)

(Supreme Court of Alabama.    Nov. 3, 1921.)

Corporations ⚹589—Title of corporation to note passed to other corporation on consolidation therewith, and it could not sue thereon.

A corporation's title to a note passed to another corporation on its consolidation therewith, and it could not sue thereon.

Appeal from Circuit Court, Dekalb County; W. W. Harralson, Judge.

Action by the Citizens' National Life Insurance Company against W. S. Duff, for whom Iola Duff, as his administratrix, was substituted. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Goodhue & Goodhue, of Gadsden, for appellant.

The pleadings did not put in issue the continued existence of the corporation, but simply put in issue its ownership of the note. 1 Ala. 241, 34 Am. Dec. 773; 191 N. Y. 15, 83 N. E. 661; 21 Wend. 178, 34 Am. Dec. 226; 7 R. C. L. § 704. Whatever is admitted in the pleadings need not be established by the evidence, and the court below was in error in assuming that a merger necessarily created a new corporation, and merging transferring to the new corporation property of the old. 92 U. S. 665, 23 L. Ed. 757; 152 U. S. 305, 14 Sup. Ct. 592, 38 L. Ed. 450; 94 U. S. 718, 24 L. Ed. 310; 109 U. S. 104, 3 Sup. Ct. 69, 27 L. Ed. 872; 117 U. S. 139, 6 Sup. Ct. 649, 29 L. Ed. 830; 79 Miss. 330, 30 South. 723, 89 Am. St. Rep. 598 and note; 7 R. C. L. pp. 155, 168, 169, 171; 135 Ind. 91, 34 N. E. 704, 23 L. R. A. 234.

Baker & Baker, of Ft. Payne, for appellee.

Under the pleading the burden was on the plaintiff to establish execution of the note and the legal title to them in itself. 89 Ala. 262, 7 South. 115; 195 Ala. 175, 70 South. 723; 148 Ala. 320, 42 South. 561; 14 Ala. App. 511, 71 South. 82; Joyce on Commercial Paper, 481.

MILLER, J. The Citizens' National Life Insurance Company files this suit against W. S. Duff on a promissory note given by him on the 20th day of October, 1909. There are two counts in the complaint. Each avers the note was duly and regularly transferred and assigned for a valuable consideration before its maturity to the plaintiff, and is now the property of the plaintiff. The defendant pleads general issue, sworn plea denying that plaintiff is the owner of the note, no consideration, fraud, and false representations by the original party securing its execution and delivery. The plaintiff by replication sets up to the plea of no consideration, and to the plea of fraud and false representations that it is a bona fide purchaser of the note for value, before maturity, without notice of the matters averred in the pleas. There was judgment and verdict in favor of the defendant.

The court gave the jury at the request of the defendant this written charge, which is assigned as error:

"I charge you, gentlemen of the jury, if you believe all the evidence in this case, you will find the issue in favor of the defendant."

The plaintiff appealed from the judgment on the verdict. The defendant died, and the cause was revived in the Court of Appeals in the name of Iola Duff, as administratrix of his estate. Afterwards under the law it was transferred to this court.

This note was signed by W. S. Duff, payable to "myself," and was indorsed by him in blank. It was given for $750, and was dated October 20, 1909, payable 12 months after date at the Alabama Trust & Savings Company, Birmingham, Ala. The plaintiff offered and introduced in evidence the original note.

This suit was filed October 11, 1916. The undisputed evidence, introduced by the plaintiff, shows that the Citizens' National Life Insurance Company, a corporation, the plaintiff in this case, was merged or consolidated with the Inter-Southern Life Insurance Company, a corporation, in 1915, before the commencement of this suit.

The title to the note by the merger or consolidation of the corporation passed from plaintiff to the Inter-Southern Life Insurance Company. The plaintiff under this uncontradicted evidence was not a proper party to bring this suit. State v. A. C. L. R. Co., 202 Ala. 558, 81 South 60; Boyette v. Preston Motors Corp. (Ala. Sup.) 89 So. 746;[1] 14 Corpus Juris, § 3655, p. 1067, and section 3657, p. 1071, notes 13, 14, and 15.

The court did not err in giving the written affirmative charge with hypothesis for the defendant.

Affirmed.

All the Justices concur except ANDERSON, C. J., not sitting.

[1] Ante, p. 240.