[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case has been tried to the court. Upon hearing all of the evidence, the court concludes that the action must be dismissed because the plaintiff corporation existed neither at the time the action was brought nor at any subsequent time.
The allegations in the complaint concern a series of events occurring between September 1983 and March 1986. During this time, the plaintiff corporation, Murtha Trucking Company, Inc., was in existence. On December 29, 1986, however, Murtha Trucking Company, Inc. merged with a separate corporation named Murtha Waste Control Corporation. Murtha Waste Control Corporation was the surviving corporation. In March 1987, Murtha Waste Control Corporation changed its name to Rubber Avenue Enterprises, Inc.
A predecessor action to this one, Murtha Trucking Company, Inc. v. Wes Cadillac-Oldsmobile, Inc., No. 79496, was brought in CT Page 10218 March 1987. That action was dismissed pursuant to Practice Book 251 in June 1989. This action, brought by the same plaintiff, was brought in October 1989. Assuming, for purposes of argument, that it is the filing date of the earlier action that controls, it is nevertheless the case that the plaintiff corporation did not exist on that date, because it had previously been merged with another corporation.
The consequences of a merger in Connecticut are dictated by statute:
Upon the effectiveness of a merger . . .
 (a) The merging corporations . . . party to the plan of merger . . . shall be a single corporation, which, in the case of a merger, shall be that corporation designated in the plan of merger as the surviving corporation. . . .
 (b) The separate existence of all merging . . . corporations parties to the plan of merger . . . except the surviving or new corporation, shall cease.
 (c) The surviving or new corporation shall thereupon and thereafter . . . possess all the rights, privileges, immunities and franchises, as well of a public as of a private nature, of each of the merging corporations; and all property, real, personal and mixed, and all debts due on whatever account, and all other choses in action, and all and every interest, of or belonging to or due to each of the corporations so merged . . . shall be taken and transferred to and vested in such single corporation without further act or deed. . . .
 (e) . . . [A]ny claim existing or action or proceeding, civil or criminal, pending by or against any such corporation may be prosecuted as if such merger had not taken place. . . .
Conn. Gen. Stat. 33-369. CT Page 10219
Given this statute, when the merger of the plaintiff with Murtha Waste Control Corporation was consummated in December 1986 all of the claims asserted on behalf of the plaintiff in the present action were automatically transferred to Murtha Waste Control Corporation. See All Brand Importers, Inc. v. Department of Liquor Control, 213 Conn. 184, 202, 567 A.2d 1156 (1989). The plaintiff, which then ceased to exist, was, at the time it brought this action, barred from instituting or maintaining the present claims against the defendants because its right of action had been transferred to Murtha Waste Control Corporation. Heit v. Tenneco, Inc., 319 F. Sup. 884, 887-88 (D.Del. 1970). "The plaintiff under this uncontradicted evidence was not a proper party to bring this suit." Citizens' Nat. Life Ins. Co. v. Duff, 91 So. 475, 476
(Ala. 1921).
The action is dismissed.
Dated at Waterbury this 9th day of November, 1992.
/s/ Jon C. Blue JON C. BLUE Judge of the Superior Court