1999 SD 150

### GREAT WEST CASUALTY COMPANY, Plaintiff and Appellee,

v.

### Marcia HOVALDT, as personal Representative of the Estate of Troy Hovaldt, Defendant and Appellant.

### No. 20792.

Supreme Court of South Dakota.

Considered on Briefs Oct. 18, 1999.

Decided Dec. 1, 1999.

Sandra Hoglund of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellee.

Bret C. Merkle of Merkle Law Firm, Sioux Falls, for defendant and appellant.

KONENKAMP, Justice.

[¶ 1.] Troy Hovaldt, a South Dakota trucker, was killed in a motor vehicle accident in Texas. After settling for the $100,000 limits of the tortfeasor's motor vehicle liability policy, the estate additionally sought $100,000 of underinsured motorist coverage in the policy held by Hovaldt's employer, without an offset against the amount the tortfeasor's insurance paid.

The estate contends that Texas law would allow such an arrangement. The question is should Texas law or South Dakota law apply. In its declaratory judgment, the circuit court applied South Dakota law to conclude that the estate was not entitled to additional benefits. We affirm because the employer's insurance contract was issued in South Dakota and thus it must be interpreted under South Dakota law.

### Facts

[¶ 2.] Troy Hovaldt was employed as a driver for Krumbach Trucking, Inc., of Parker, South Dakota. The company transports goods throughout the United States. On August 29, 1996, while driving in Texas, Troy died in a motor vehicle accident. The truck he drove was licensed and principally garaged in South Dakota. Marcia Hovaldt, Troy's mother, was appointed the personal representative of Troy's estate. She settled with the tortfeasor for his liability policy limits of $100,000.

[¶ 3.] The estate claimed losses exceeding $500,000, and sought underinsured motorist (UIM) benefits under Krumbach Trucking's policy issued by Great West Casualty Company. Great West is a Nebraska company licensed to conduct insurance business in South Dakota. Its commercial policy covering the truck Troy drove included underinsured motorist coverage of $100,000. The policy was purchased by and delivered to Krumbach Trucking in Parker, through a South Dakota insurance agent.

[¶ 4.] Great West brought a declaratory action. It asserted that Hovaldt's estate was not entitled to UIM benefits under the policy because the estate already received $100,000 from the tortfeasor's insurance, an amount equal to the limit of UIM benefits under Great West's policy. Both sides moved for summary judgment. Great West contended that South Dakota law

applied and, therefore, no UIM benefits were recoverable. Hovaldt's estate, in contrast, argued that Texas law applied and, consequently, Great .West was liable for UIM benefits.* The parties stipulated that there were no genuine issues of material fact to bar granting summary judgment.

[¶ 5.] The circuit court applied South Dakota law because the policy was purchased by and delivered to a South Dakota company to cover vehicles licensed and garaged in South Dakota, and the last act necessary to complete the contract (delivery of the policy) occurred in South Dakota. Under South Dakota law, the court ruled, the estate was not entitled to UIM benefits when it received an equal amount from the tortfeasor's insurance.

[¶ 6.] The estate appeals, submitting as its sole issue whether South Dakota law or Texas law on underinsured motorist coverage should apply when a national insurance company, issuing policies in both states, wrote the policy in South Dakota but the event inducing coverage and liability occurred in Texas. As the circuit court granted summary judgment, we review the decision under our familiar standard first set out in *Wilson v. Great Northern Ry. Co.*, 83 S.D. 207, 157 N.W.2d 19 (S.D.1968). We are presented with a question of law and such questions are reviewed de novo. *Rusch v. Kauker*, 479 N.W.2d 496, 499 (S.D.1991).

### Analysis and Decision

[¶ 7.] Hovaldt's estate contends that the law of the state where the tort occurred should apply when a tort was the "trigger" invoking coverage under an insurance contract. The estate advocates the method used in states such as Minnesota, where multiple factors are considered in deciding which state's law governs. *See*

---

\* We assume for the sake of argument that Texas law would permit the arrangement the estate seeks. *But cf., e.g., Leal v. Northwestern Nat'l County Mut. Ins. Co.*, 846 S.W.2d 576

(Tex.App.—Austin 1993, no writ); *Olivas v. State Farm Mut. Auto. Ins. Co.*, 850 S.W.2d 564 (Tex.App.—El Paso 1993, writ denied).

*Hime v. State Farm Fire & Cas. Co.*, 284 N.W.2d 829, 833 (Minn.1979).

[¶ 8.] To determine which state's law to apply, we consider the nature of the action. This suit sounds in contract. Policy coverage, not tort liability, is the question. "An action by an insured against an insurance carrier pursuant to an uninsured motorist provision is an action on the policy and is therefore *ex contractu.*" *Baker v. Continental Western Ins. Co.*, 748 F.Supp. 716, 719 (D.S.D.1990); *see also Nadler v. Liberty Mut. Fire Ins. Co.*, 188 W.Va. 329, 424 S.E.2d 256, 261 (1992) (citing 1 A. Widiss, Uninsured and Underinsured Motorist Insurance § 7.15 (1985)).

[¶ 9.] Great West's insurance contract contains no provisions for place of performance or choice of law. South Dakota law provides that "[a] contract is to be interpreted according to the law and usage of the place where it is to be performed or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." SDCL 53–1–4. Other states also employ this rule. *See Taylor v. Tennessee Farmer's Mut. Ins. Co.*, 659 So.2d 30, 31–32 (Ala. 1995); *Nadler*, 424 S.E.2d at 261; *Cobb v. Burke*, 469 So.2d 1221, 1222 (La.Ct.App. 1985). Generally, unless the parties agree otherwise, an insurance contract is "made" at the place where the last act necessary to its completion is accomplished. *Briggs v. United Services Life Ins. Co.*, 80 S.D. 26, 117 N.W.2d 804, 807 (S.D.1962). Here, the policy with a standard South Dakota UIM endorsement was delivered in South Dakota, by a South Dakota insurance agent, for the benefit of a South Dakota company and its employees, to cover vehicles licensed and principally garaged in South Dakota. The last act necessary to complete the contract took place in South Dakota. Therefore, South Dakota law applies.

[¶ 10.] Under South Dakota law the tortfeasor was not "underinsured." Hovaldt's estate recovered $100,000 from the insurer. That amount equaled the UIM benefits available under Great West's policy. "Coverage shall be limited to the underinsured motorist coverage limits on the vehicle of the party recovering less the amount paid by the liability insurer of the party recovered against." SDCL 58–11– 9.5. In *Farmland Insurance Cos. v. Heitmann*, 498 N.W.2d 620 (S.D.1993), we referred to this enactment as "a difference of the limits statute." *Id.* at 625. In *Heitmann*, where the amount available to pay a recovery against the tortfeasor was $125,000 and the insured's policy allowed $100,000 UIM coverage, there could be no UIM recovery.

[¶ 11.] Hovaldt nonetheless urges us to adopt a "better rule of law," as in Minnesota, and allow additional recovery without offset from the tortfeasor's payment. In some instances, Minnesota law makes underinsured benefits an "add on" coverage. *See Davis v. American Family Mutual Insurance Co.*, 521 N.W.2d 366, 368–69 (Minn.Ct.App.1994); MinnStatAnn § 65B.43 subd 17 (West 1996). We can only respond that when a statute is clear and unambiguous, as § 58–11–9.5 appears to be, our function is usually confined to restating its expressed meaning. *Heitmann*, 498 N.W.2d at 624–25; *Eccleston v. State Farm Mut. Auto. Ins. Co.*, 1998 SD 116, ¶ 27, 587 N.W.2d 580, 584. This Court has addressed the limiting of UIM benefits on prior occasions. *See Elrod v. General Cas. Co. of Wisconsin*, 1997 SD 90, ¶ 6, 566 N.W.2d 482, 484; *Heitmann*, 498 N.W.2d at 625. UIM recovery is confined to "the difference between the UIM policy limits less the amount paid by the liability insurer of the tortfeasor." *Heitmann*, 498 N.W.2d at 625. The estate, therefore, is not entitled to UIM benefits.

[¶ 12.] Summary judgment for Great West is affirmed.

[¶ 13.] MILLER, Chief Justice, and SABERS, AMUNDSON, and GILBERTSON, Justices, concur.