ZINTER, Justice
(concurring and concurring in result).
[¶ 25.] I concur on Issue 1. I concur in result on Issue 2, regarding Anderson’s SDCL 15 — 6—56(f) motion for a continuance to conduct discovery so he could oppose the motion for summary judgment.
[¶ 26.] SDCL 15 — 6—56(f) governs motions for continuances to conduct discovery for purposes of opposing a motion for summary judgment:
Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may. refuse the appli *42 cation for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
[¶ 27.] Today, the Court affirms the circuit court’s denial of Anderson’s Rule 56(f) motion because he “had ample time to conduct depositions of Keller and Jennig-es, but showed no interest in doing so prior to October 2006.” Supra ¶ 20. I disagree with this justification for affir-mance for three reasons.
[¶ 28.] First, the Court faults Anderson for showing no interest in conducting depositions “during the three years and three months between the July 2003 collision and his October 2006 motion for continuance [except for one set of interrogatories to Keller].” Id. However, Anderson cannot be faulted for not having taken depositions for three years because, as the Court itself notes, this action was not even commenced until March 17, 2006. Supra ¶ 4. Obviously, depositions could not have been taken during the two-year, eight-month period before the action was even commenced. Moreover, the motion for summary judgment was not filed until September 14, 2006, and the request for continuance was made a little more than a month thereafter. Surely, we cannot charge Anderson with a three-year delay, when Anderson’s motion for a continuance was made only a month after the motion for summary judgment.
[¶ 29.] Second, it must be remembered that the motion for summary judgment did not involve the merits of Anderson’s claim. Rather, it was a motion for summary judgment on Keller’s procedural defense. We have affirmed dismissals of summary judgments where plaintiffs “did nothing to obtain [discovery] until some ten months after filing their complaint, when the merits of their case [were] called into question .... ” Farmers & Merchants State Bank v. Mann, 87 S.D. 90, 96, 203 N.W.2d 173, 176 (1973) (emphasis added). Here, however, the issue over which discovery was requested did not involve the merits of Anderson’s claim. It involved Keller’s procedural defense. It is one thing to charge a party like Anderson with a lack of due diligence in failing to pursue the merits of his own claim. However, Anderson cannot be faulted for having failed to take depositions on Keller’s procedural defense before that defense became a real issue on October 23, 2006, when Keller filed the motion for summary judgment.
[¶ 30.] Finally, it must be noted that the adequacy of notice was an affirmative defense. See SDCL 15-6-8(c) (noting that affirmative defenses include any “matter constituting an avoidance or affirmative defense”). Keller alone bore the burden of proving that defense. Burhenn v. Dennis Supply Co., 2004 SD 91, ¶ 32, 685 N.W.2d 778, 786 (stating that: “Since [defendant] asserted the affirmative defenses ... it bore the burden of proving those ... claims.”). Because Keller bore the burden of proof on the notice issue, it is inappropriate to hold Anderson accountable for failing to depose witnesses on Keller’s affirmative defense before the defense was even pursued.
[¶ 31.] Ultimately, however, I concur in result because Anderson’s Rule 56(f) affidavit supporting the continuance was plainly insufficient. In that affidavit, Anderson’s sole justification for the continuance was: “I also believe that I would better be able to resist Defendant’s Motion for Summary Judgment if I were allowed an opportunity to depose Steven Keller and Mick Jenniges regarding the extent of their knowledge in this matter.” However, Rule 56(f) requires more. It requires that “it appear from the affidavits of a party opposing the motion that he cannot *43 for reasons stated present by affidavit facts essential to justify his opposition [.] ” SDCL 15 — 6—56(f) (emphasis added). This requires a showing how further discovery will defeat the motion for summary judgment. 11 James Moore, Moore’s Federal Practice, § 56.10[8][d] (3d ed. 2006). It further requires that the affidavit must specify why the party cannot present the essential facts at the time of the affidavit.
[¶32.] In Trask v. Franco, 446 F.3d 1036 (10th Cir.2006), the Tenth Circuit examined these requirements and an analogous affidavit. Like the affidavit here, the affidavit in Trask merely stated “that ‘disputed issues of material fact’ existed, and ‘the information sought by formal discovery would include deposition of the individual defendants, and their supervisor, as well as access to records ... under the exclusive control of the Defendants....’” Id. at 1041. In affirming the denial of a continuance under that showing, the Tenth Circuit explained:
A party seeking to defer a ruling on summary judgment under Rule 56(f) must file an affidavit that “explain[s] why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts.” Comm. for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir.1992) (citation omitted). “[T]he nonmovant must also explain how additional time will enable him to rebut the movant’s allegations of no genuine issue of material fact.” Id. We have noted that a summary judgment movant’s exclusive control of information “is a factor favoring relief under Rule 56(f).” [Price ex rel Price v. W. Res., Inc., 232 F.3d 779, 784 (10th Cir.2000)]. The Rule 56(f) affidavit of [plaintiffs] neither identifies any “probable facts not available,” Campbell, 962 F.2d at 1522, nor “statefe] with specificity how the additional material will rebut the summary judgment motion,” Ben Ezra, Weinstein & Co. v. Am. Online Inc., 206 F.3d 980, 987 (10th Cir.2000). The affidavit does note that certain records and procedures manuals sought for discovery are under the control of the probation officers and their employer, but “[ejxclusive control does not ... require automatic relief under Rule 56(f).” Price, 232 F.3d at 784 (internal quotation marks omitted). Based on the affidavit’s lack of specificity, the district court did not abuse its discretion in denying the request for additional discovery.
Id. at 1042.
[¶ 33.] In this case, Anderson’s affidavit also failed to state with specificity the facts he wanted to discover, why he had not previously been able to obtain them, and how those facts would support his opposition to the summary judgment motion. Anderson also did not claim that the facts he sought were under the exclusive control of Keller or Jenniges. Therefore, his motion for continuance was properly denied.
[¶ 34.] KONENKAMP, Justice, joins this special writing.