No. 53,231

Kevin Wilds, *Appellee*, v. Mid-Century Insurance Company, *Appellant.*

(642 P.2d 567)

Opinion filed April 3, 1982.

*Terry Fitzgerald*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, argued the cause and was on the brief for the appellant.

*Donald W. Vasos*, of Scott, Daily & Vasos, of Kansas City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Herd, J.: This is an action to recover uninsured motorist benefits under an insurance policy.

On June 4, 1980, Kevin Wilds, a Missouri resident, while riding a motorcycle, was involved in a collision with an automobile owned and driven by Audrey Brown. The accident occurred at 7th and Funston Streets, Kansas City, Kansas. The parties stipulate the accident was the fault of Brown and that the vehicle she drove was uninsured.

Wilds sustained damages in excess of $30,000. He owns two vehicles, both of which are registered and principally garaged in Missouri. Mid-Century Insurance Company is a California corporation authorized to do business in Kansas. Mid-Century insured both of Wilds' vehicles with uninsured motorist coverage limited to $10,000 per individual on each policy. Mid-Century paid Wilds the sum of $20,000, representing the stacked total stated coverage in both policies. Wilds contends Mid-Century is obligated to pay $30,000 under Kansas uninsured motorist coverage for accidents occurring in Kansas.

The trial court held Kansas minimum coverage applied to the policy on the motorcycle since it was in Kansas, and the stated amount in the policy applied to the car which remained in Missouri, for a total of $25,000. Mid-Century appealed.

The sole question is whether the Kansas automobile injury reparations act, K.S.A. 40-3101 *et seq.*, mandates $15,000 uninsured motorist coverage on each policy for an out-of-state motor-

ist who has an accident in Kansas involving the nonresident's vehicle and an uninsured motorist.

The following statutes are relevant to this discussion:

K.S.A. 40-284 (Weeks):

"**Coverage relating to injury or death caused by uninsured motorist; rejection; renewal policies; effect of prior policies.** No automobile liability insurance policy covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless the policy contains or has endorsed thereon, a provision with coverage limits not less than the limits for bodily injury or death set forth in K.S.A. 1967 Supp. 8-729, providing for payment of part or all sums which the insured or his legal representative shall be legally entitled to recover as damages from the uninsured owner or operator of the motor vehicle because of bodily injury, sickness or disease, including death, resulting therefrom, sustained by the insured, caused by accident and arising out of ownership, maintenance or use of such motor vehicle, or providing for such payment irrespective of legal liability of the insured or any other person or organization."

## K.S.A. 1980 Supp. 40-3106:

"**Prohibited vehicle operation by certain nonresidents; report of violations; declaration of policy coverage by insurers.** (*a*) A motor vehicle owned by a nonresident shall not be operated in this state upon a highway or upon property open to use by the public, unless a motor vehicle liability insurance policy meeting the requirements of K.S.A. 1977 Supp. 40-3107 is in effect for such vehicle, or such nonresident has qualified as a self-insurer pursuant to K.S.A. 1977 Supp. 40-3104(*d*). Whenever the privilege of a nonresident operating a motor vehicle in this state is suspended for failure of the owner thereof to maintain financial security, in effect, the director shall report such violation to the motor vehicle administrator in the state wherein the vehicle is registered. The director is hereby authorized to enter into such reciprocal agreements with the motor vehicle administrator or other appropriate official in other jurisdictions as may be necessary to effectuate the provisions of this act.

"(*b*) Every insurance company authorized to transact the business of motor vehicle liability insurance in this state shall file with the commissioner as a condition of its continued transaction of such business within this state a form approved by the commissioner declaring that its motor vehicle liability policies, wherever issued, shall be deemed to provide the insurance required by K.S.A. 1977 Supp. 40-3107 when the vehicle is operated in this state. Any nonadmitted insurer may file such a form."

## K.S.A. 1980 Supp. 40-3107:

"**Motor vehicle liability insurance policies; required contents.** Every policy of motor vehicle liability insurance issued by an insurer to an owner residing in this state shall:

. . . . .

"(*e*) contain stated limits of liability, exclusive of interest and costs, with respect

to each vehicle for which coverage is thereby granted, not less than fifteen thousand dollars ($15,000) because of bodily injury to, or death of, one person in any one accident and, subject to said limit for one person, to a limit of not less than thirty thousand dollars ($30,000) because of bodily injury to, or death of, two (2) or more persons in any one accident, and to a limit of not less than five thousand dollars ($5,000) because of harm to or destruction of property of others in any one accident . . . ."

Missouri revised statute § 379.203:

"Automobile liability policy, required provisions—uninsured motorist coverage required—recovery against tortfeasor, how limited.—1. No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits for bodily injury or death set forth in section 303.030, RSMo . . . ." (303.030, now amended, required $10,000 per person in benefits.)

K.S.A. 40-284 has been amended and now refers specifically to K.S.A. 40-3107 (Ensley) instead of K.S.A. 1967 Supp. 8-729. K.S.A. 1980 Supp. 40-3107(e) has also been amended and now requires a $25,000 per person minimum limit of liability.

The trial court held the language of K.S.A. 1980 Supp. 40-3106(b), requiring liability policies of companies doing business in Kansas to meet the K.S.A. 1980 Supp. 40-3107 standards, extends to uninsured motorist coverage "when the vehicle is operated in this state," no matter where the policy may have been issued or the car principally garaged. Thus appellant was required to pay appellee $15,000 under the policy covering the motorcycle, but only $10,000 under the policy covering the car because it was not being operated in the state of Kansas.

Appellant argues the trial court ignored the explicit language of K.S.A. 40-284, which mandates offering minimum uninsured motorist benefits only in policies regarding motor vehicles "registered or principally garaged in this state." Appellee argues he should be entitled to the same protection he would have received had he collided with an insured motorist. In effect he claims the protections afforded by K.S.A. 1980 Supp. 40-3106 and 40-3107 should apply to uninsured motorist coverage independent of K.S.A. 40-284. He ignores the fact that uninsured motorist coverage was optional at the time this case arose, unlike liability coverage which was mandatory.

K.S.A. 40-284 specifically pertains to uninsured motorist benefits. The statute applies only when the motor vehicle is regis-

tered or principally garaged in this state. Wilds' vehicles were neither. K.S.A. 1980 Supp. 40-3107(e) has no connection with uninsured motorist coverage except through K.S.A. 40-284. Because the "principally garaged" language of K.S.A. 40-284 was retained even after recent amendments, K.S.A. 1980 Supp. 40-3107(e) is inapplicable. We conclude the Missouri statute, with its lower minimum coverage, applies.

The judgment of the trial court is reversed.