#26357-a-JKK

**2013 S.D. 16**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STEVE MILINKOVICH and
DIANNE MILINKOVICH,                                      Plaintiffs and Appellants,

        v.

PROGRESSIVE CASUALTY
INSURANCE CO.,                                            Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
LAWRENCE COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE RANDALL L. MACY
Judge

* * * *

GEORGE J. NELSON of
Abourezk & Zephier, PC
Rapid City, South Dakota                       Attorneys for plaintiffs
                                               and appellants.


LON J. KOURI
ERIC D. DENURE of
May & Johnson, PC
Sioux Falls, South Dakota                      Attorneys for defendant
                                               and appellee.

* * * *

CONSIDERED ON BRIEFS
ON JANUARY 8, 2013

OPINION FILED **02/06/13**

#26357

KONENKAMP, Justice

[¶1.]        An Arizona couple was injured on their motorcycle by another biker.

Because the other motorcyclist left the scene, the couple sought uninsured motorist

benefits from their insurer.  The insurer tendered the policy's full uninsured

motorist benefits of $15,000 per person.  But the couple sought $25,000 per person,

which is what they would have recovered in South Dakota had they been able to

obtain the other biker's liability insurance.  On cross motions for summary

judgment, the circuit court declared that the terms of the Arizona insurance policy,

rather than South Dakota law, governed the applicable coverage.  The couple

appeals.

## Background

[¶2.]        Steve and Dianne Milinkovich are residents of Arizona.  While riding

their motorcycle on Highway 85 near Deadwood, South Dakota, on August 3, 2008,

an unidentified motorcyclist forced them off the road.  Both Steve and Dianne were

injured.  The driver of the other motorcycle did not stop, and the Milinkoviches were

unable to get a license plate number.

[¶3.]        The Milinkoviches insured their motorcycle through Progressive

Insurance Company.  Their insurance contract was executed in Arizona and

contained uninsured motorist coverage limits of $15,000 per person and $30,000 per

accident, as required by Arizona law.  After the Milinkoviches made a claim,

Progressive tendered $15,000 to Steve and $15,000 to Dianne under the policy.

They accepted payment of the benefits, but refused to release Progressive from any

and all claims.

[¶4.] In July 2010, the Milinkoviches brought suit in South Dakota against Progressive seeking, among other relief, a declaration that the company must pay uninsured motorist benefits in compliance with South Dakota's statutory minimum limits — $25,000 per person and $50,000 per accident. They alleged that Progressive acted in bad faith when it refused to tender $50,000. As support, the Milinkoviches relied on public policy and South Dakota's financial responsibility law, which mandates liability coverage of $25,000 per person and $50,000 per accident for persons operating vehicles within South Dakota.

[¶5.] Progressive moved for summary judgment and the Milinkoviches moved for partial summary judgment on the issue of uninsured motorist benefits. After a hearing, the circuit court issued a memorandum decision granting summary judgment for Progressive. It reasoned that while South Dakota's financial responsibility law, SDCL 32-35-70, dictates that all vehicles operating in this state must provide *liability* coverage for bodily injury of $25,000/$50,000, the statute does not specifically include a requirement that drivers must maintain uninsured motorist coverage at the same levels. The court also relied on the language in SDCL 58-11-9 addressing uninsured motorist coverage for insurance policies issued in South Dakota for "any motor vehicle registered or principally garaged in this state[.]" Because the Milinkoviches' policy was issued in Arizona and their motorcycle was registered and principally garaged in Arizona, the court held that the parties' insurance contract and Arizona law governed the dispute. Their policy provides, and Arizona law requires, $15,000 per person and $30,000 per accident in uninsured motorist coverage, which Progressive tendered.

## Analysis and Decision

[¶6.]        On appeal, the Milinkoviches ask this Court to hold that drivers operating motor vehicles within our borders must be protected by South Dakota's minimum uninsured motorist coverage limits, regardless of the level of uninsured motorist coverage contracted for between non-resident drivers and their insurance companies.  In urging their position, the Milinkoviches emphasize that in both South Dakota and Arizona uninsured motorist coverage is "inextricably linked as equal sums."  Indeed, both states have held that the purpose of uninsured motorist coverage is to protect victims to the same extent as if they had been injured by an insured driver.  *See Transp. Ins. Co. v. Martinez*, 899 P.2d 194, 196 (Ariz. Ct. App. 1995); *Cornelius v. Nat'l Cas. Co.*, 2012 S.D. 29, ¶ 12, 813 N.W.2d 167, 171 (citations omitted).

[¶7.]        Yet the fact that uninsured coverage and bodily injury liability coverage have the same *purpose* does not mean the two types of insurance protection are equal, one in the same, or interchangeable.  *Compare* SDCL 58-11-9 *with* SDCL 32-35-70.  An insurer provides bodily injury liability coverage to pay damages to *another* for bodily injury when an insured becomes legally responsible because of an accident arising out of the ownership, maintenance, or use of the insured motor vehicle.  *See* SDCL 32-35-70.  On the other hand, an insurer pays an *insured* uninsured motorist benefits when the insured would legally be entitled to recover from the operator of an uninsured motor vehicle.  *See Am. Family Mut. Ins. Co. v. Merrill,* 454 N.W.2d 555, 559 (S.D. 1990) (citing SDCL 58-11-9).

[¶8.] Still, the Milinkoviches emphasize that they would have been able to recover $25,000 per person and $50,000 for the accident had the driver that injured them been insured. They argue that South Dakota has an interest in protecting all motorists driving in this state to the same extent that it protects its own residents. Thus, despite the lower limits of uninsured motorist protection in their policy, they assert that Progressive must meet the demands of SDCL 58-11-9.

[¶9.] To reach the conclusion the Milinkoviches seek, we would have to overlook the language of their policy, our financial responsibility law, and the statute on uninsured motorist coverage solely because this state and Arizona have declared that the *purpose* of uninsured motorist coverage is the same as liability coverage.* This we cannot do. First, our financial responsibility law only applies to liability coverage: "[a]n owner's policy of liability insurance . . . shall insure . . . against loss from the *liability* imposed by law for damages arising out of the ownership, maintenance, or use of the vehicle or vehicles within the United States of America or the Dominion of Canada[.]" SDCL 32-35-70 (emphasis added). Second, SDCL 58-11-9, governing uninsured motorist coverage, only addresses

---

* While not specifically addressed by the Milinkoviches, there is an underlying choice of law issue. *See Dunes Hospitality, L.L.C. v. Country Kitchen Int'l, Inc.,* 2001 S.D. 36, ¶ 10, 623 N.W.2d 484, 488 (a choice of law provision is subject to limitation and invalidation by our state's overriding public policy). As we stated in *Great Western Cas. Co. v. Hovaldt*, the nature of the action determines which state law applies. 1999 S.D. 150, ¶ 8, 603 N.W.2d 198, 201. Here, the question is one of coverage, which "sounds in contract." *See id.* The contract provides that Arizona law governs a dispute related to coverage, and there is no policy reason to invalidate this provision. Indeed, the contract was created in Arizona, for Arizona residents, for a motorcycle principally garaged and registered in Arizona.

policies "issued for delivery in this state" for motor vehicles "registered or principally garaged in this state[.]"

[¶10.]	Nothing in SDCL 32-35-70 or SDCL 58-11-9 forces the conclusion that it is the policy of this state that our mandated uninsured motorist coverage must apply to policies not issued for delivery in South Dakota for vehicles not registered or principally garaged in this state.  *See Wilds v. Mid-Century Ins. Co.*, 642 P.2d 567 (Kan. 1982) (interpreting similar language on similar facts); *Martin v. Lumberman's Mut. Cas. Co.*, 559 A.2d 1028 (R.I. 1989) (interpreting similar language).  The interrelationship between uninsured and bodily injury liability coverage notwithstanding, our only connection to this dispute is that the accident happened in South Dakota.  The Milinkoviches' policy was issued in Arizona for a motorcycle registered and principally garaged in Arizona.  Our laws do not support altering the terms of parties' contracts in these circumstances.  *See Vaughan v. Nationwide Mut. Ins. Co.*, 702 A.2d 198, 202 (D.C. 1997).  There being no dispute that the parties' insurance contract provides, and Arizona law requires, $15,000 per person, which amount was tendered to the Milinkoviches, the circuit court did not err when it granted Progressive's motion for summary judgment.

[¶11.]	Affirmed.

[¶12.]	GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and WILBUR, Justices, concur.